GEORGE A. UPTON vs. EDWARD A. FOSTER.

Suffolk. January 29, 1889.— February 28, 1889.

Present: MORTON, C. J., FIELD, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Practice — Offer of Judgment — Taxation of Costs.*

An offer of judgment, under the Pub. Sts. c. 167, §§ 65, 66, "in the sum of four hundred and seven and $\frac{72}{100}$ dollars, principal and interest due to date and costs," is an offer for $407.72 only, which sum must be taken to represent the principal and interest offered, if not the costs.

APPEAL by the defendant from the taxation of costs by the clerk of the Superior Court in an action of contract.

The record showed that the writ was dated November 25, 1884, and was duly entered; that on January 20, 1885, the defendant filed the following offer of judgment: "Now comes the defendant, and offers the plaintiff judgment in the sum of four hundred and seven and $\frac{72}{100}$ dollars, principal and interest due to date and costs, and offers and consents to be defaulted."

The record also showed that the plaintiff did not accept the offer, and that the case was referred to an auditor, who on December 22, 1887, reported in favor of the plaintiff for the sum of $405.58, and interest from the date of the writ, judgment being entered by agreement on his report; that the clerk reckoned the amount recovered by the plaintiff, computing the interest on the sum found by the auditor from the date of the writ to the date of the filing of the offer of judgment, to be $409.30, and gave the plaintiff full costs, on the ground that the offer was so indefinite and vague that it was not apparent how much was offered. *Pitman*, J., affirmed the clerk's taxation of costs, and the defendant appealed to this court.

*J. W. Pickering*, for the plaintiff.

*J. H. Cotton & H. W. B. Cotton*, for the defendant.

MORTON, C. J. The statute provides that a defendant in a suit at law or in equity, in which damages only are sought to be recovered, may file a consent in writing to be defaulted, and "that judgment shall be rendered against him as damages for a sum therein specified"; if the plaintiff elects to accept the offer

of judgment, " the court shall render judgment accordingly, with costs to the date of the notice "; if the plaintiff shall not accept the offer, and " does not recover a greater sum than the sum so offered, not including interest on the sum recovered in damages from the date of the offer," he can recover no costs after said date, but the defendant is entitled to costs after that date. Pub. Sts. c. 167, §§ 65, 66.

In the case at bar, the defendant filed an offer of judgment in the following terms : " Now comes the defendant and offers the plaintiff judgment in the sum of four hundred and seven and $\frac{72}{100}$ dollars, principal and interest due to date and costs, and offers and consents to be defaulted." The defendant contends that this should be construed as an offer of judgment for $407.72 as principal, and of interest to date, and costs. But this is not its fair construction. The statute authorizes the defendant to make an offer of a specified sum as damages, which includes principal and interest to the date of the offer. The plaintiff had the right to construe this offer as an offer of $407.72 as damages, and assume that it included interest as well as principal, even if it did not include costs ; and under the statute the court would not be authorized to enter judgment for any other sum than the " sum specified."

The statute intends that the offer shall be for a specified sum as damages, and that it shall be clear and precise. The plaintiff is not required to take the responsibility of accepting or rejecting an offer of doubtful construction which may lead to future controversy. It is doubtful whether this offer is not so uncertain and indefinite that it could not be held to be a compliance with the statute, whatever might have been the result of the suit. But we need not decide this, because, if we give it the construction the most favorable to the defendant which is permissible, and hold it to be a sufficient offer of the sum of $407.72 as damages, this sum is smaller than the sum recovered as damages, not including interest, after the date of the offer.

It follows that the plaintiff is entitled to his full costs.

*Taxation affirmed.*